Guaranty Commercial Acceptance Company *v.*
Cauffiel, Appellant.

Argued April 17, 1928.

Before HENDERSON, TREXLER,
KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Philip N. Shettig,* and with him *Paul W. Cauffiel,* for
appellant.

*Robert C. Hoerle,* for appellee.—The affidavit of de-

fense and the evidence adduced to support it were insufficient to prevent judgment: Guaranty Motors Company v. Hudford Philadelphia Sales Co., 264 Pa. 557; Krewson v. Sawyer, 266 Pa. 284; Walkinshaw's Estate, 275 Pa. 121; Huntingdon & Broadtop Railroad and Coal Co. v. English, 86 Pa. 247. The counter claim was inadmissible in evidence: Ashton's Appeal, 73 Pa. 153; Heck v. Shener, 4 S. & R. 249; Telford & Franconia Turnpike Co. v. Gerhab, 22 W. N. C. 175; Bethlehem Borough v. Perseverance Fire Company, 81 Pa. 445; Rees & Sons Co. v. Western Exposition Society, 41 Pa. Superior Ct. 381.

OPINION BY GAWTHROP, J., July 12, 1928:

This is an action in assumpsit by the payee of a promissory note against an endorser for the maker. The defense set up in the affidavit of defense was that the value of certain stock of the plaintiff corporation which had been sold by it to C. F. Wilson, the maker of the note, but which had never been delivered and remained in plaintiff's hands, was available as a credit upon the note, and that the maker had demanded of plaintiff that it credit the value of the stock upon the note or deliver the same to defendant; but that plaintiff refused to deliver the stock to Wilson or defendant. The evidence introduced by defendant at the trial did not disclose that Wilson was entitled to this stock at any time or that any part of it was available to him as a credit or set-off against the note. The uncontradicted testimony produced by defendant is to the effect that at the time of trial the stock was held by plaintiff as collateral security for payments due on certain automobile leases discounted by it for Wilson, and that the latter was not entitled to any of it until his obligations to the company were paid in full. There was no evidence that this stock was ever converted by plaintiff. In this state of the record at the trial counsel for defendant offered to prove, inter

alia, that Wilson made a demand on plaintiff company for the delivery of the stock which had accrued to him; that plaintiff refused to deliver any of such stock; that Wilson demanded that certain moneys deducted by plaintiff from his account through the process of discounting automobile leases and applied by it to the stock transaction be applied to the payment of the note in suit; and that when this suit was brought defendant pleaded these matters. The trial judge sustained an objection to the offer and directed a verdict for plaintiff, and defendant has appealed.

The only question stated for our consideration is whether there was reversible error in sustaining the objection to the above offer. The contention of appellant is that appellee held the stock for the security of Wilson's debts; that having failed to issue certificates for such stock and to deliver same to the order of Wilson, the latter would have been entitled to set-off against any indebtedness which he owed to appellee, the value of the stock. The trouble with this contention is that it cannot avail appellant in the face of his own proof that Wilson was not entitled to the stock. We adopt the following statement by the court below in refusing a new trial: "It has not been shown that Wilson was at any time entitled to the stock in his own right. The defendant, therefore, in this proceeding, who was the endorser on Wilson's note, cannot set up the conversion of this stock as a counter-claim. If the stock had been fully paid for, and Wilson was entitled to it, and it was fraudulently or improperly held by the plaintiff, it may be that the defendant could avail himself of it, but this does not appear from the testimony in the case." As the record stood at the time the offer was made it was not error to exclude it and there was no abuse of discretion in overruling the motion for a new trial. The judgment was properly entered on the directed verdict.

Judgment affirmed.